2026 IL App (1st) 251537-U

No. 1-25-1537

Order filed June 30, 2026

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| LeTRICIA A. McCULLOR-DAVIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| THE DEPARTMENT OF EMPLOYMENT SECURITY, | ) | |
| THE DIRECTOR OF EMPLOYMENT SECURITY, THE | ) | |
| BOARD OF REVIEW OF THE DEPARTMENT OF | ) | |
| EMPLOYMENT SECURITY, and DMG SECURITY, | ) | No. 24L50501 |
| INC., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (The Department of Employment Security, the Director of | ) | |
| Employment Security, and the Board of Review of the | ) | |
| Department of Employment Security, | ) | Honorable |
| | ) | John A. Simon, |
| Defendants-Appellees). | ) | Judge, presiding. |

_____

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Van Tine and Justice D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Where plaintiff's complaint for administrative review was untimely filed, we affirm the circuit court's dismissal of the complaint for lack of jurisdiction.

¶ 2    Plaintiff LeTricia McCullor-Davis appeals *pro se* from an order of the circuit court granting the motion of the Department of Employment Security (Department), the Director of Employment Security (Director), and the Board of Review of the Department of Employment Security (Board) (collectively, State defendants), to dismiss her complaint for administrative review for lack of jurisdiction. On appeal, plaintiff contends that the circuit court erred in dismissing her complaint. Where plaintiff's complaint for administrative review was untimely filed in the circuit court, we affirm.

¶ 3    Plaintiff was employed by defendant DMG Security, Inc. as a security guard from January 30, 2023, to October 11, 2023. She thereafter applied for unemployment benefits. A claims adjudicator and a referee determined that she was not eligible for benefits.

¶ 4    Plaintiff appealed to the Board. According to its written decision, the Board reviewed the record, including the transcript of the telephone hearing conducted by the referee, at which plaintiff had appeared and testified. The Board affirmed the referee's decision, determining that plaintiff voluntarily left her employment for personal reasons not attributable to her employer and was disqualified for benefits. The Board's written decision indicated in a header at the top of the first page that it was mailed to plaintiff on July 22, 2024. It also included the following admonishment on the second page: "If you want to appeal, you must file a complaint for administrative review and have summons issued in [the] circuit court within 35 days from the mailing date, 07/22/2024."

¶ 5    On August 28, 2024, plaintiff filed a *pro se* complaint for administrative review in the circuit court. In an attached document setting forth her arguments, she wrote, among other things,

"I am filing this appeal, late because I received it late and it is the holiday seasons of Christmas and the new years of 2024."

¶ 6    The State defendants filed a motion to dismiss the complaint under section 2-619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(5) (West 2024)), to which they attached a copy of the Board's decision. The State defendants argued that plaintiff's complaint for administrative review was untimely filed 37 days after the Board's decision was mailed to her. The State defendants contended that the statutory 35-day filing requirement for administrative review was jurisdictional and that, therefore, the circuit court lacked jurisdiction and must dismiss the complaint.

¶ 7    Plaintiff filed a response, arguing that her complaint was timely filed because the 35-day calculation should exclude weekends and holidays. She also submitted an empty, open envelope from the Department postmarked July 24, 2024, and a notarized affidavit in which she averred that the envelope contained the Board's decision.

¶ 8    In reply, the State defendants argued that the Department mails numerous documents to claimants throughout the administrative process, and that no features on the envelope submitted by plaintiff identified its contents. They subsequently submitted a copy of a document titled "Benefit Payment Explanation," which indicated in its header that it was mailed to plaintiff by the Department on July 24, 2024. They also submitted a certification from the Department's then-acting commissioner of unemployment compensation, stating that the document was a true and correct copy of the original on file.

¶ 9    On July 9, 2025, the circuit court granted the State defendants' motion to dismiss. In a written order, the court noted that, at a hearing on December 4, 2024 (for which no transcript is

included in the record on appeal), plaintiff made three arguments that it summarily rejected: (1) weekends should have been excluded when calculating the 35-day window for filing a complaint for administrative review; (2) the 35-day window should have run from the date she received the Department's decision, rather than the date it was mailed; and (3) the 35 days should have been extended because she was ill for some of those days.

¶ 10 The court further noted plaintiff's argument that the Board's decision was not mailed on July 22, 2024, but, rather, on July 24, 2024, which would have resulted in the timely filing of her August 28, 2024, complaint on the 35th day. The court acknowledged that plaintiff provided an envelope from the Department bearing a postmark of July 24, 2024, which she attested had contained the Board's decision, and that, in response, the State defendants provided a copy of a "Benefit Payment Explanation" with a mailing date of July 24, 2024, thereby accounting for the Department envelope bearing the July 24, 2024, postmark.

¶ 11 The court noted that, at a hearing on April 2, 2025 (for which no transcript is included in the record on appeal), it asked plaintiff whether it was possible that the "Benefit Payment Explanation" had been enclosed in the envelope she had submitted, rather than a copy of the Board's decision. Plaintiff "responded that anything is possible." Given this acknowledgment, the court found that plaintiff had not rebutted the presumption that the Board's decision, which indicated it was mailed on July 22, 2024, was in fact mailed on that date. As such, the court determined that plaintiff's complaint for administrative review was due on August 26, 2024, but filed two days late on August 28, 2024. Accordingly, the court found that it lacked subject matter jurisdiction and granted the State defendants' motion to dismiss.

¶ 12     On appeal, plaintiff contends that the circuit court erred in dismissing her complaint for lack of subject matter jurisdiction.

¶ 13     When a party moves to dismiss under section 2-619 of the Code (735 ILCS 5/2-619 (West 2024)), that party admits the legal sufficiency of the complaint but asserts an affirmative defense or other matter which defeats the plaintiff's claim. *Twyman v. Department of Employment Security*, 2017 IL App (1st) 162367, ¶ 20. Here, the State defendants moved to dismiss where "the action was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2024). Our review of a section 2-619 dismissal is *de novo*. *Twyman*, 2017 IL App (1st) 162367, ¶ 20.

¶ 14     Section 1100 of the Unemployment Insurance Act (820 ILCS 405/1100 (West 2024)) provides that courts may review decisions of the Board only in accordance with the provisions of the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2024)). See *Carroll v. Department of Employment Security*, 389 Ill. App. 3d 404, 407-08 (2009). Section 3-102 of the Administrative Review Law specifies that parties to administrative proceedings are barred from obtaining judicial review of an administrative decision unless they seek review in the time and manner the Administrative Review Law prescribes. 735 ILCS 5/3-102 (West 2024). Because the Administrative Review Law departs from the common law, the procedures it establishes must be strictly followed. *Blessing Hospital v. Illinois Health Facilities & Services Review Board*, 2024 IL App (4th) 230282, ¶ 30.

¶ 15     An action under the Administrative Review Law "shall be commenced by the filing of a complaint and the issuance of summons within 35 days" of service of the administrative decision. 735 ILCS 5/3-103 (West 2024). An administrative decision "shall be deemed to have been served *** when a copy of the decision is deposited in the United States mail." *Id.* Thus, the 35-day period

for filing a complaint for administrative review begins on the date the decision is mailed. *Nudell v. Forest Preserve District of Cook County*, 207 Ill. 2d 409, 424 (2003).

¶ 16    Where, as here, a statute governs the method of service and does not require proof of the date of mailing, "the date on the letter notice should be presumed to be the date of the mailing." *Summers v. Illinois Commerce Comm'n*, 58 Ill. App. 3d 933, 937 (1978). Proof of the date on the notice letter establishes a *prima facie* case of the date of mailing and shifts the burden to the party receiving the notice to prove it was mailed later than the date indicated on the letter. *Id.*; see also *Grimm v. Calica*, 2017 IL 120105, ¶ 44 (Thomas, J., dissenting) (noting "it is settled that the date on an agency decision is presumed to be the mailing date" and that this presumption is rebuttable).

¶ 17    The 35-day time limit for filing a complaint for administrative review is jurisdictional; if the complaint is not timely filed, the circuit court lacks jurisdiction and judicial review of the administrative decision is barred. 735 ILCS 5/3-102 (West 2024); *Nudell*, 207 Ill. 2d at 422-23.

¶ 18    Here, the State defendants provided a copy of the Board's decision that indicated "Date Mailed: 07/22/2024" in its header and referenced "the mailing date, 07/22/2024" in a paragraph explaining how to appeal. These statements established a *prima facie* case that the decision was mailed to plaintiff on July 22, 2024. See *Summers*, 58 Ill. App. 3d at 937. In an attempt to rebut the presumption of a July 22, 2024, mailing date, plaintiff produced an open, empty envelope from the Department bearing a postmark of July 24, 2024. However, the State defendants responded by producing a copy of a different document the Department sent to plaintiff, bearing a mailing date of July 24, 2024. When the court asked plaintiff whether it was possible that the second document had been enclosed in the envelope she had submitted, plaintiff "responded that anything is possible."

¶ 19    Given the mailing date listed on the Board's decision, the State defendants' submission of a document bearing a date matching the postmark on the empty envelope, and plaintiff's acknowledgment that the envelope may have contained that second document, we find plaintiff failed to rebut the presumption that the Board's decision was mailed to her on July 22, 2024. As such, plaintiff's complaint for administrative review was due 35 days later, on August 26, 2024. She filed her complaint two days late on August 28, 2024. Due to the untimeliness of the complaint, the circuit court lacked subject matter jurisdiction and properly granted the State defendants' motion to dismiss. See, *e.g.*, *Twyman*, 2017 IL App (1st) 162367, ¶¶ 9, 37 (grant of motion to dismiss for lack of subject matter jurisdiction affirmed where complaint for administrative review was filed two days late).

¶ 20    In her brief on appeal, plaintiff complains about the amount of time it took the Board to issue its decision, argues that her statement "anything is possible" was irrelevant, asserts that the circuit court "confused" her and overlooked the "mistakes" of the State defendants, and offers explanations for why she left her place of employment. However, due to the circuit court's lack of jurisdiction, we cannot address the merits of plaintiff's arguments. See *Lobrow v. Illinois Department of Labor*, 2024 IL App (1st) 230163-U, ¶¶ 23-26 (where the plaintiff filed a *pro se* complaint for administrative review two days after 35-day period for filing expired, the appellate court could not address the administrative decision on the merits).

¶ 21    For the reasons explained above, we affirm the circuit court's order granting the State defendants' motion to dismiss plaintiff's complaint for administrative review.

¶ 22    Affirmed.